ROBERT E. PETERSON
404 Washington St.
P. O. Box 101
Smelterville, Idaho 83868
(509) 714-9759
Repete4one@yahoo.com

Petitioner in Pro Per

**U.S. COURTS**

SEP 2 4 2025

Rcvd _____ Filed _____ Time 2:43pm
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO, NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT E. PETERSON, | ) | CV-25-0552-NDCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT FOR VIOLATIONS OF |
| | ) | CIVIL RIGHTS, § 1983 |
| | ) | |
| HOLLY LINDSEY, BENJAMIN ALLEN, | ) | REFILING OF: |
| | ) | |
| KEISHA OXENDINE, SCOTT WAYMAN, | ) | CASE NO. 2:23-CV-544-BLW |
| | ) | |
| LAWRENCE WADSEN, KENNETH K. | ) | |
| | ) | |
| JORGENSEN, IDAHO COURT OF APPEALS, | ) | |
| | ) | |
| IDAHO SUPREME COURT, TARA JONES, | ) | |
| | ) | |
| MICHAEL NORTHCUTT, DIRECTOR OF | ) | |
| | ) | |
| ATF, UNKNOWN AGENTS OF ATF AND | ) | |
| | ) | |
| FBI. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMPLAINT, § 1983                    1

# I.    THE PARTIES TO THIS COMPLAINT

## A.    Plaintiff

Robert Ervin Peterson

404 Washington Street

P. O. Box 101

Smelterville, Idaho 83868

County of Shoshone

509-714-9759

Repete4one@Yahoo.com

## B.    Defendants

1.

Six Unknown BATF and FBI Agents and the Director of ATF

Responsible for the investigation and issuance of results of required Firearm
Background Checks

244 Needy Road, Martinsburg WV 25405


Both Individual and Official Capacity


2.

Darrell Michael Gunderson

Former Sheriff, Shoshone County Idaho

717 Bank Street, Wallace, Idaho 83873

Shoshone County Idaho

Both Individual and Official Capacity

**DECEASED**

3.

Holly Lindsey

Current Sheriff, Shoshone County Idaho

717 Bank Street, Wallace, Idaho 83873

Shoshone County Idaho

Both Individual and Official Capacity

4.

Benjamin Allen

Former Chief Assistant Prosecuting Attorney, Current Prosecuting Attorney
Shoshone County Idaho

700 Bank Street, Wallace, Idaho 83873

Shoshone County Idaho

Both Individual and Official Capacity

5.

Michael Northcutt

Special Agent, BATF

COMPLAINT, § 1983                          3

12825 Mirabeau Pkwy #201,Spokane Valley, Washington 99216

Spokane County Washington and Kootenai County Idaho


Both Individual and Official Capacity


6.

Scott Wayman

Former District Judge First Judicial District of the State of Idaho for Shoshone County Idaho

700 Bank Street, Wallace, Idaho 83873

Shoshone County Idaho


Both Individual and Official Capacity


7.

Idaho State Court of Appeals

Case Number 48781

451 W. State St, Boise, ID 83702, P.O.Box 83720, Boise, ID 83720

Ada County Idaho


Official Capacity


8.

Idaho State Supreme Court

Case Number 48781

451 W. State Street, Boise, Idaho 83702, P.O.Box 83702, Boise ID 83702

Ada County Idaho


Official Capacity


9.

Tara Jones

Clerk of the Idaho State Supreme Court

Case Number 48781

451 W. State Street, Boise, Idaho 83702, P.O.Box 83702, Boise ID 83702

Ada County Idaho


Both Individual and Official Capacity

10.

Keisha Oxendine

Former Prosecuting Attorney Shoshone County Idaho

700 Bank Street, Wallace, Idaho 83873

Shoshone County Idaho


Both Individual and Official Capacity

COMPLAINT, § 1983                    5

11.

Lawrence Wasden.

Former IDAHO ATTORNEY GENERAL

P. O. Box 8372

Boise, ID 83720-0010


Both individual and official capacity

12.

Kenneth K. Jorgensen

Deputy Attorney General

P. O. Box 83720

Boise, ID 83720-0010


Both individual and official capacity

## II.    JURISDICTION

This Court has lawful and legal jurisdiction to hear this case under 42 U.S.C.§ 1983 and under

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)*

A.  This suit is brought against both Federal officials (a *Bivens* claim) AND against State and

local officials (a § 1983 claim).

B.  Pertaining to claims arising under 42 U.S.C. § 1983: Each defendant under this claim have

denied Plaintiff his Rights under the United States of America Constitution:

COMPLAINT, § 1983                  6

I.        Amendment 2: The Right to Bear Arms;

II.       Amendment 5: The Right to Due Process of Law;

III.      Amendment 14: Denial of Due Process and Equal Protection of the laws;

IV.       Article 1 Section 9: No *ex post facto* Law shall be passed (or instituted by fiat act of the Courts, emphasis added);

V.        Article IV Section 4: The United States shall guarantee to every State in this Union a Republican Form of Government.

C.  Pertaining to claims arising under *Bivens* each defendant who, as a function of their employment with the BATF and FBI with responsibility of approving or disapproving background checks pertaining to the lawful purchase of Firearms pursuant to 18 USC § 921 et seq did willfully and with malice disregard and violate Plaintiff's Second Amendment Rights, Rights of Due Process of Law and Equal Protection Under the Law by failing to perform the tasks of their assigned Responsibilities with all Due Diligence, resulting in the denial to Plaintiff of his Constitutional Rights.

D.  Pertaining to the *Bivens* claims, the unknown BATF and FBI agents were acting under color of authority of 18 USC § 921 et seq when they, separately and together, failed in their duty of due diligence and failed to uphold their Oath of Office;

Pertaining to the § 1983 claims, all defendants separately and together, acted under color of authority of state law, ie: Rules of Civil Procedure; IC (Idaho Code) 18-3302 et seq; Supreme Court Appeal Rules, Rule 20 and the Idaho State Constitution, I.C.Title 18-1507 (2005), I.C. Title 18-1507A (2005), I.C. Title 18-310 (2005)

### III.      STATEMENT OF CLAIM

**A.** Pertaining to the *Bivens* claim the events took place in Kootenai County Idaho and Spokane County Washington at the BATF and FBI background check facilities in/or around West Virginia and/or Washington D.C.

Pertaining to the *Bivens* claim I was requested by the Spokane Washington office of the BATF, by Special Agent Michael Northcutt to surrender my recently purchased firearm to the custody of a lawful firearm owner or to the BATF. The firearm was placed in the custody of a lawful firearm owner where it remains to this day. This occurred on or about May 27,2020.

Pertaining to the 1983 claims these occurred in the counties of Shoshone and Ada, Idaho and Spokane County Washington.

Pertaining to the 1983 claims the following dates are applicable to the specific defendants as noted:

**B.**

DARRELL MICHAEL GUNDERSON: May 28, 2020;

HOLLY LINDSEY: November 25, 2022

BENJAMIN ALLEN: On or before August 27, 2020

KEISHA OXENDINE: On or before August 27, 2020

SCOTT WAYMAN: On or about November 2, 2020

LAWRENCE WADSEN: On or about August 24, 2021

KENNETH K. JORGENSEN: On or about August 24, 2021

IDAHO COURT OF APPEALS: On or about April 20, 2021

IDAHO SUPREME COURT: On or about August 1, 2022

TARA JONES: On or about September 2022

MICHAEL NORTHCUTT: On or about May 2020

UNKNOWN AGENTS OF THE BATF AND FBI: On or about February 2020

DIRECTOR OF THE ATF: On or about February 2020

**C.**

On or about February 2020 Plaintiff purchased online a Browning BDA .380 firearm;

Plaintiff arranged for delivery through a FFL dealer in Coeur d'Alene Idaho;

Plaintiff submitted the required ATF documents for a background check;

When the background check results were not forthcoming in the time proscribed by law said firearm was delivered to Plaintiff as the law proscribes;

Plaintiff was contacted by ATF Special Agent Michael Northcutt some time before May 27, 2020 and was informed by Northcutt that the background results classified Plaintiff as having a "firearms disability" and Plaintiff was required to surrender said firearm either to ATF, sell it or surrender custody of the firearm to a "lawful" owner under threat of arrest. Plaintiff surrendered custody to another individual on or about May 27, 2020;

The ATF and FBI involved in the botched background check have the duty to confirm that any felony conviction has not been pardoned, or the civil right to own a firearm has not been restored by action of law in the convicting jurisdiction;

The ATF and FBI agents involved in the background check procedures failed in the duty of due diligence and by that failure have denied Plaintiff's Constitutional Rights;

Specifically ATF and FBI infringed upon Plaintiff's Right to Bear Arms and denied Plaintiff's Rights to Due Process of Law and Equal Protection Under the Law;

In April 2020 Plaintiff relocated his residence to Shoshone County Idaho;

On or about May 28, 2020 Petitioner completed and submitted to the Sheriff of Shoshone

County Idaho, on the prescribed forms pursuant to IC 18-3302 et seq an Application for a

License to carry a concealed weapon pursuant to IC 18-3302 et seq;

Plaintiff was denied such license by Sheriff Gunderson;

Plaintiff then sued Gunderson in Idaho District Court;

After filings of specious documents by Respondent, not including a request to extend time in

which to file an Answer, a hearing for Summary Judgement was held;

At the Hearing Judge Wayman allowed the Respondent to continue with a Hearing by

ambush over Plaintiff's objections;

Judge Wayman found for Respondent and in so doing Judge Wayman violated the Idaho

Rules of Civil Procedure, Idaho Code 18-3302 et seq and the Idaho State constitution as well

as the United States Constitution by ratifying an Ex Post Facto argument and burdening

Plaintiff with an Unconstitutional ruling denying Plaintiff's Constitutional and statutory

Rights under both the United States Constitution and the Constitution of the State of Idaho;

A timely Appeal was taken;

The Idaho Court of Appeals ratified the unconstitutional judgement from below;

A timely Request for Reconsideration was filed and denied by the Court of Appeals;

A timely Request for Rehearing was filed with the Idaho Supreme Court;

An issue was raised by the Supreme Court and Plaintiff was denied notification of such issue

by the Clerk of the Supreme Court;

After that issue was resolved Plaintiff filed with the Supreme Court his opening Brief in a

COMPLAINT, § 1983                    10

timely fashion;

The Supreme Court ultimately refused to accept the Plaintiff's Brief and dismissed the further

Appeal claiming an untimely filing date in violation of their own Rules;

All of this, from the involvement of ATF and FBI to the involvement of local and State

jurisdictions, has served to unlawfully burden Plaintiff and to unconstitutionally deny

Plaintiff his Creator given Rights to Life, Liberty, Pursuit of Happiness and Righteous Justice

under both Constitutions of the State of Idaho and the United States of America by violating

the Second Amendment to the Constitution of the United States of America, Fourteenth

Amendment (Due Process and Equal Protection) and the EX POST FACTO provisions of

both Federal and State Constitutions.

## IV.     INJURIES

Plaintiff has suffered no physical injuries as the result of the denial of Plaintiff's

Constitutional and Civil Rights;

However, Plaintiff has suffered incalculable harm, damages and injuries directly resulting

from the Respondent's, and all of them, malicious and intentional denial of Plaintiff's

inherent and Creator given Rights as described in and guaranteed by the Constitutions of the

United States of America and the State of Idaho and as promulgated by applicable legislative

acts.

## V.     RELIEF

Plaintiff prays for relief:

COMPLAINT, § 1983                         11

This Court find for Plaintiff and restore ALL Constitutional Rights heretofore denied under color of authority by the Respondents, or;

This Court remand to the Lower Courts with Constitutional instructions;

That Plaintiff be awarded costs incurred as a result of Plaintiff's suffering the denial of Constitutional and Statutory Rights;

This Court find that Respondents, and all of them, in both their Official and Personal Capacities, pay to Plaintiff the amount of $1,000,000.00 per calendar year or any part thereof in which Plaintiff suffered the denial of Plaintiff's Constitutional and Statutory Rights;

This Court find that Defendants, and all of them, have waived all rights and privileges of protection by benefit of their unconstitutional actions and choices under color of authority to ANY indemnification, sovereign immunity and qualified immunity;

The costs will be calculated and provided to this Court based on the costs of filing fees, postage fees and time of preparation and execution of this action from beginning to resolution;

The damages suffered by Plaintiff for the denial of Plaintiff's Constitutional and Statutory Rights is difficult, at best, to determine because of the innate ethereal nature of such Rights. Plaintiff assigns such value as Plaintiff deems appropriate and just;

Plaintiff requests that this issue be adjudicated according to Common Law and Constitutional Law and NOT to be adjudicated according to Maritime Law or anything else but Common Law and Constitutional Law;

Plaintiff also requests this Court to inform Plaintiff which language is being used in the

adjudication of this issue, whether it be the Oxford Dictionary of the English Language or the Black's Law Dictionary.

## VI.    CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending , modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    9-24-25

Signature of Plaintiff: _____

Printed name of Plaintiff: Robert E. Peterson